```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JAMIE EDWARD HOUSEKNECHT       :    CIVIL ACTION
                               :
           v.                  :
                               :
JOHN DOE, et al.               :    NO. 06-4597
```

MEMORANDUM AND ORDER

McLaughlin, J.                                      June 26, 2007

      Jamie Edward Houseknecht ("Houseknecht"), a former prisoner at Berks County Prison, has sued Kristen Reichard ("Reichard"), Robert Nicholes ("Nicholes"), and three other John and Jane Doe employees of the Berks County Prison ("BCP") for allegedly violating the plaintiff's constitutional rights while he was incarcerated at BCP. Defendants Reichard and Nicholes have now moved to dismiss the plaintiff's claims against them on the ground that such claims are barred by the applicable statute of limitations. The Court will deny the motion.

I.    BACKGROUND

      The plaintiff initiated this action by filing a motion for leave to proceed in forma pauperis on October 16, 2006. The motion was ultimately granted, and the complaint was filed on February 23, 2007. The complaint contains three counts, all of which arise under 42 U.S.C. § 1983: (i) lack of religious freedom; (ii) retaliation; and (iii) failure to protect. At all

times relevant to this complaint, defendant Reichard was the clinical supervisor of BCP's Treatment Department and defendant Nicholes was the Treatment Department's deputy warden.

In count one, the plaintiff alleges that he was denied his constitutional right to freedom of religion when he was denied all access to religious services and bible studies while being held in protective custody at BCP.  According to the plaintiff, immediately after he was admitted to BCP on January 4, 2004, he was placed into protective custody, where he remained for a "few weeks."  During this time period, the plaintiff alleges that he filed numerous informal complaints and requested various forms of accommodation, including access to services, opening of bible studies in the protective custody unit, and creation of a time slot for Christians to watch religious instruction on television or listen to Christian programming on the radio.  These requests were allegedly denied, thereby causing the plaintiff to suffer psychological injury.

In count two, the plaintiff alleges that defendants Reichard and Nicholes removed him from the sexual offenders therapy group in retaliation for the plaintiff's exercising his constitutional rights.  According to the plaintiff, on October 12, 2004, Reichard and Nicholes confronted him about a tattoo on his right arm and about the complaints he had filed regarding the prison's denying him access to religious materials.  The

defendants allegedly stated that because the plaintiff had decided to act so spiritual and to spend so much time trying to obtain religious accommodations, the plaintiff would be removed from the group.

In count three, the plaintiff alleges that his constitutional rights were violated when the defendants failed to protect him from an attack by a fellow prisoner. According to the plaintiff, on October 31, 2004, the plaintiff notified defendant Reichard that he wished to sign out of protective custody because of the lack of access to religious materials. That evening, the plaintiff was allegedly told by the first Doe defendant that he would be moved to J block, a maximum security unit. The plaintiff allegedly objected to such a move because he feared for his safety. The plaintiff was nevertheless transferred. Upon arrival at J block, the second Doe defendant allegedly placed the plaintiff in a cell and then returned a short time later to move the plaintiff to a different cell. At some point during the move, the plaintiff alleges that he was punched by a fellow prisoner. As a result of the attack, the plaintiff claims that he suffered various injuries.

II. <u>ANALYSIS</u>[1]

Defendants Reichard and Nicholes have moved to dismiss the plaintiff's claims against them on the ground that such claims are barred by the applicable statute of limitations.[2]

Because § 1983 does not contain a statute of limitations, courts must look to state law to determine the applicable limitations period. <u>Lake v. Arnold</u>, 232 F.3d 360, 368 (3d Cir. 2000). For federal civil rights cases, the applicable limitations period is that which is applied to personal injury actions. <u>Id.</u> In Pennsylvania, the governing statute for such claims prescribes a two-year limitations period. 42 Pa. Cons. Stat. § 2254 (2006). This period begins to run when the plaintiff knew or should have known of the alleged civil rights violation. <u>Bougher v. Univ. of Pittsburgh</u>, 882 F.2d 74, 80 (3d Cir. 1989). The limitations period on a § 1983 claim is tolled,

---

[1] In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all allegations in the complaint and all reasonable inferences that can be drawn from them, after viewing the allegations in the light most favorable to the non-moving party. <u>Taliaferro v. Darby Twp. Zoning Bd.</u>, 458 F.3d 181, 188 (3d Cir. 2005). A Rule 12(b)(6) motion should be granted if it appears to a certainty that no relief could be granted under any set of facts that could be proved. <u>Id.</u>

[2] Although ordinarily treated as an affirmative defense, failure to comply with the applicable statute of limitations may be raised on a motion to dismiss where the allegations made on the face of the complaint show that the cause of action is time-barred. <u>Benak v. Alliance Capital Mgmt., L.P.</u>, 435 F.3d 396, 400 n.14 (3d Cir. 2006).

however, for the period of time during which a prisoner exhausts his administrative remedies pursuant to the Prisoner Litigation Reform Act ("PLRA").[3]  Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000); Cooper v. Beard, No. 06-0171, 2006 WL 3208783, at *8 (E.D. Pa. November 2, 2006).

In the present case, the incidents giving rise to the plaintiff's claim in count one occurred during the "few weeks" that followed his admission to BCP on January 4, 2004.  It was during this period in protective custody that the plaintiff was allegedly denied access to religious materials.[4]  Absent tolling, the two-year limitations period on this claim would have expired sometime during the "few weeks" following January 4, 2006, approximately nine months before the plaintiff filed the present action.  The plaintiff alleges, however, that he filed numerous complaints during his time in protective custody.  A reasonable

---

[3]  Before a prisoner may bring a § 1983 claim, the Prisoner Litigation Reform Act ("PLRA") requires that he or she exhaust all available administrative remedies. 42 U.S.C. § 1997e(a) (2006).

[4]  Although the plaintiff does not specify who denied him access to religious materials, the Court will read the complaint liberally and construe the allegations of count one as being directed against defendants Reichard and Nicholes.  See Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) ("Courts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally.").

inference to draw from such an allegation is that the plaintiff was exhausting his administrative remedies pursuant to the PLRA. As explained above, the limitations period on a § 1983 claim is tolled while a prisoner exhausts. Because the Court cannot determine whether or for how long the statute of limitations on the plaintiff's claim in count one may have been tolled, it will deny the defendants' motion to dismiss that count.

The incident giving rise to the plaintiff's claim in count two of the complaint occurred on October 12, 2004. It was on this date that defendants Reichard and Nicholes allegedly retaliated against the plaintiff by removing him from the sexual offenders therapy group. Absent tolling, the limitations period on this claim would have expired on October 12, 2006, four days before the plaintiff filed the present action. Again, however, the Court is unable to determine whether or for how long the statute of limitations on this claim may have been tolled while the prisoner exhausted his administrative remedies. The Court will therefore deny the defendants' motion to dismiss count two.

The incident giving rise to the plaintiff's claim in count three of the complaint occurred on October 31, 2004. It was on this date that the defendants allegedly violated the plaintiff's constitutional rights by failing to protect him from

an attack by a fellow inmate.[5]  The limitations on this claim therefore would have expired on October 31, 2006, approximately two weeks after the plaintiff filed his complaint.  The Court will accordingly deny the defendants' motion to dismiss count three.

      An appropriate Order follows.

---

[5]  As with count one, the Court will read the complaint liberally and construe the allegations of count three as being directed against defendants Reichard and Nicholes.  See Alston v. Parker, 363 F.3d at 234.  Although count three focuses on the conduct of the Doe defendants, it does mention defendant Reichard twice.  Furthermore, the complaint appears to allege that defendants Reichard and Nicholes had a supervisory role over the conditions of the plaintiff's incarceration.  The Court will therefore construe the "failure to protect" claim as being directed toward all defendants.  This construction of the complaint in no way constitutes a finding that the plaintiff has stated a cognizable legal claim against any of the defendants.  Nor does such a construction prejudice the defendants' ability to raise such an argument in a later motion.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JAMIE EDWARD HOUSEKNECHT      :    CIVIL ACTION
                              :
        v.                    :
                              :
JOHN DOE, et al.              :    NO. 06-4597
```

ORDER

AND NOW, this 26th day of June, 2007, upon consideration of defendants Reichard and Nicholes' Motion to Dismiss (Doc. No. 15), IT IS HEREBY ORDERED that the motion is DENIED.

```
                         BY THE COURT:


                         /s/ Mary A. McLaughlin
                         MARY A. McLAUGHLIN, J.
```