IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMIE EDWARD HOUSEKNECHT : CIVIL ACTION
:
v. :
:
JOHN DOE, et al. : NO. 06-4597

MEMORANDUM

McLaughlin, J.                                              December 8, 2010

The plaintiff in this action is a former inmate at Berks County Prison ("BCP") who is now serving a state prison sentence in the Pennsylvania Department of Corrections. He brought suit against the defendants, former BCP Deputy Warden Robert Nichols and current BCP Deputy Warden Kristen Ressler, alleging that they violated his First Amendment right to religious freedom and retaliated against him when he complained about the alleged religious freedom violations by removing him from the prison's sexual offender group therapy program.

The defendants moved for summary judgment on both claims. In a decision dated August 28, 2009, the Court granted the defendants' motion as to the First Amendment claim, but denied summary judgment on the retaliation claim.[1] Houseknecht v. Doe, 653 F. Supp. 2d 547 (E.D. Pa. 2009).

---

[1] The factual and procedural background of this case is detailed in the August 2009 opinion.

In order to maintain a retaliation claim under § 1983, a plaintiff must show: (1) that he engaged in constitutionally protected conduct; (2) that prison officials took an "adverse action" that would be sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).

The defendants did not dispute that the plaintiff had engaged in constitutionally protected activity, but argued that he failed to establish the second and third elements of a retaliation claim. The plaintiff conceded that his removal from the therapy group "generally" would not be a sufficiently adverse action to deter a person of ordinary firmness from exercising his constitutional rights. The plaintiff argued, however, that at his Megan's Law hearing on December 1, 2004, the Commonwealth's expert, Dr. Dean Dickson, relied in part on the plaintiff's failure to complete sex offender treatment at the prison in making his determination that he is a "sexually violent predator." The Court agreed that, under such circumstances, removal from the group could constitute a sufficiently adverse action.

The Court ordered additional discovery on the issue of causation and directed the plaintiff to file a supplemental brief explaining whether any issues of material fact remain with respect to the causation element.

On June 30, 2010, the defendants filed a supplemental memorandum for summary judgment, introducing evidence that the plaintiff's expulsion from group therapy at BCP was not mentioned or considered at his Megan's Law hearing. The defendants provided a transcript of the hearing and a copy of Dr. Dickson's report on the plaintiff. Transcript of Dec. 1 2004 Hearing ("Transcript") & PSOAB Report ("Report"), Ex. A to Defs.' Supplemental Mem. in Supp. of Summ. J. Dr. Dickson does not mention the plaintiff's removal from the BCP group therapy program.[2] Furthermore, the report on which Dr. Dickson's assessment was based was prepared on July 9, 2004, several months before the plaintiff's expulsion from the BCP therapy group in October 2004. Report, p. 1.

The Court granted the plaintiff an extension until September 30, 2010, to respond to the defendants' supplemental memorandum, but the defendant has not filed a response. It

---

[2] Dr. Dickson did testify that the plaintiff refused to participate in sex offender treatment at the Northwest Academy Intense Secure Treatment Unit, and was subsequently removed from that program. Transcript, 37:18-38:8. Presumably, this was the testimony to which the plaintiff referred in his original opposition to the motion for summary judgment.

appears from the uncontested evidence that the plaintiff's expulsion from the BCP sexual offender group therapy program was not in fact relied upon at his Megan's Law hearing in determining that he is a "sexually violent predator."  As such, the plaintiff is unable to establish that the defendants took a sufficiently adverse action to justify a retaliation claim.  The Court will grant summary judgment on this claim in favor of the defendants.

      An appropriate Order shall issue separately.